Okay, the next case is number 2012-3139, David Dice v. DEPT OF TRANSPORTATION. Mr. Dace. Good morning, Your Honors, and may it please the Court. My name is Charles W. Dace, Jr., and I have Mr. David Dice with us here today. Please, welcome. When a young man like Mr. Dice leaves his home, joins the Navy, serves on a carrier, he has a right to expect, under USARA and our country's laws, that he will be treated equally in terms of employment when he returns from his service. In this case, when the FAA discounted and ignored his highly relevant experience, specifically military experience, that he brought to his application for an air traffic control position, it violated USARA. The Board below made multiple errors in its assessment of the evidence, which go to show that the Board's decision is not supported by substantial evidence. It made an error of law, which should have caused reversal, and fundamentally, its analysis of whether Mr. Dice's military service was a motivating factor or a substantial factor in his rejection for the air traffic control position he applied for was not supported by substantial evidence. To begin with... Are there any USARA cases that say it's a violation of USARA not to credit military experience that's relevant to the civilian job? I'm not aware of any prior cases that say that, Your Honor. to the position at issue is clearly discrimination, and it contravenes the purpose of the statute, and this Court, we respectfully argue, should so hold. One of you said in your briefs that the veterans' preference rules don't apply for air traffic controllers. Is that explicit in some regulation or rule? That's not quite exact, Your Honor. The reason the veterans' preference rules did not apply to this particular selection was that it was an internal selection from FAA employees only. The veterans' preference applies to external... Only? Is that in the statute? Yes. That's my understanding, Your Honor. That's the VBOA, right? Yes, that's right. And so that is why this is not a question of veterans' preference, but it is a question of veterans' non-discrimination. We think that it is particularly telling that not only did the three selectees for the position have no training in air traffic control or related fields, at least two of those cases and very little in the third, but that in fact two of the selectees did not even meet the minimum qualifications for the position because they did not pass the OPM civil service test for air traffic control. That is one of the few explicit requirements for the position. That was after the selection, right, that they failed the test? That's true, Your Honor, but before the selection, Mr. Dice had already passed that test. And the people who failed the test eventually did not hold the positions, right? That's correct. And it leaves us to wonder why they did not at that point select Mr. Dice for the position even after those two selectees had not been selected. But looking at beforehand from the perspective of the selecting official, there arises a question as to why would the selecting official select people who had not passed a qualifying test over people who had already passed a qualifying test, even if all other qualifications were equal, but all other qualifications were clearly not equal and in particular the qualifications that Mr. Dice demonstrated at the Navy are FAA certified qualifications. When he passed and received his air traffic control specialist certificate or pink card, the FAA itself, rather says OPM itself says that he met certain qualifications and these are listed on page 485 of the appendix and it says here applicants must possess or obtain a valid air traffic control specialist certificate and or a control tower certificate if appropriate. And then it says these certificates require demonstrating knowledge of basic meteorology, basic air navigation, standard air traffic control and communications procedures, the types and uses of air navigation aids and regulations governing air traffic. Now the position for which Mr. Dice was applying was one of three specialties in air traffic control within the FAA. It was the flight service specialty. The flight service specialty specifically deals with the provision of weather and navigation information to pilots, precisely the kind of information that Mr. Dice was required to have shown that he mastered in order to receive his air traffic controller specialist certificate, also known as a pink card. I thought the board made a contrary finding. Am I wrong about that? There's a nuance here Your Honor and the board relied on testimony from the FAA regarding facility certifications and the way this works is if you get your air traffic control specialist certificate or commonly known as a pink card and it shows as OPM states here that you have mastered certain skills and then if you go to a specific facility, say the Fort Worth airport, you're checked out in that airport and you get a certification on the back of your car that says checked out for Fort Worth. And it was held against Mr. Dice that because he served on a carrier, a specifically military application, he didn't have any facility certifications. You don't get those in that case the way you would in a civilian land-based capacity. And so having met those certifications, they should have been given consideration. Now in reviewing the qualifications of Mr. Dice, the agency makes a number of pretextual arguments and the agency's pretextual arguments not only should not be credited but they heighten the suspicion that Mr. Dice is a pink card. They heighten the suspicion that his military experience was a substantial or motivating factor in his denial of obstetrics. When you say his military experience was a motivating factor, you're not suggesting, are you, that there was some animus against Mr. Dice because he had served in the military? No, I'm not suggesting that, Your Honor. You're suggesting instead, I take it, that they did not regard the military experience as being of sufficient weight or sufficiency to warrant giving him a leg up against the other candidates. Not exactly, Your Honor. Our contention is that the military experience was so clear and so germane that the only way they could possibly have not selected Mr. Dice and selected the people they selected was to completely ignore and entirely discount his military experience. Setting aside the adjectives and adverbs, I think your point is exactly the one I was asking about, right? The idea is they didn't discriminate against him because of his service. You're saying they discriminated against him by not giving sufficient weight to his military experiences, relevant military experiences. That's your argument, right? Yes, Your Honor, although we state it in slightly starker terms. More emphatically, I understand, but it's the same argument. This qualifications argument is highly relevant to the total determination of whether his military service was a substantial and motivating factor. We look to Ashby Tyson. It doesn't have to leap up and slap us in the face, but this comes pretty close. When you compare someone who has been through the very difficult, very challenging Navy Air Traffic Control course not once, but twice, that person clearly has demonstrated both mastery of the body of knowledge and an aptitude that a selecting official could find augur for future success, as opposed to, say, a secretary or a counselor who have no background whatsoever. The military qualifications, while we believe that they were the determinative factor, were supplemented by the fact that Mr. Tyson at the time worked every day as a flight data controller slash an air traffic assistant with air traffic controllers, assisting them in providing many of the same kinds of services that the position at issue included. In terms of the agency's explanation, basically they have none, and to the extent that they have come up with any, they've come up with things like arguing that there were interviews, and then having to admit there were no interviews. With making a great deal of hay out of the various ways in which one could be eligible to apply for the position, but never addressing the core issue of who is best qualified for the position. I'd like to just point you to a phrase in the record, this is from the 331B, but this particular excerpt is not in the appendix, but it is in the record, in which it says that to the selecting official, select the candidate who in your judgment is best qualified based on the objectives and merit criteria of this plan. This does not mean that the selecting official is limited to the criteria or weighing described in the plan. In fact, the selecting official should also evaluate other considerations relevant to the target vacancy which cannot be ascertained from a candidate's application. For example, current or former supervisors may be contacted to supplement or simplify information available to the selecting official. Basically, once you're qualified, you should all be considered on the merits, and the selecting official should pick the best person. And Mr. Dice was clearly, based on his training, the best person, and he should have been selected so that we have the highest quality air traffic control. I see my time is up, Your Honor. Okay, thank you, Mr. Day. We'll save your rebuttal time. Ms. Speck. Yes, Your Honor. May it please the Court. Mr. Dice's counsel has said that the issue in this case is whether Mr. Dice should have been hired based upon his status as a veteran and his belief that he had superior qualifications. This Court's decision in Sheehan v. The United States said the perception of superior qualifications and status as a military veteran alone are not sufficient to meet the burden under USERRA. Rather, the Court said… But this case is a little different, isn't it? I mean, they're saying that they discounted his military experience. I mean, let's take a hypothetical. Suppose that the employing agency had said, well, this applicant has all this experience doing air traffic control in the military, but we're not going to look at that because that's military experience and we don't consider that to be relevant. Would that be a violation of USERRA? They didn't look at the experience at all, but there's no evidence in this case that they did not look at the experience. We have testimony in the record and we have years of letter writing from the FAA stating that Mr. Dice was qualified. He was qualified at the FG-7 level. The point that the agency had was that he had not demonstrated specialized experience to qualify at the FG-9 level and he was considered among the FG-7 candidates for the internal position. I'm not sure I understand your response to Judge Dice. Are you saying that it would be a USERRA violation if they discount a certain type of military experience altogether, but if they give it substantially less weight than the applicant believes and that perhaps an objective observer would conclude it's entitled to, then it's not a USERRA violation? Your Honor, what the court said in Sheehan was there are certain factors regarding what would suggest the circumstantial evidence necessary to establish a USERRA violation. One was the proximity and time between service, one was expressed hostility to veterans, and one was disparate treatment of people with similar qualifications. I don't actually see this hypothetical fitting in the examples we've at least been given with the Sheehan decision. If there was some perhaps hostility to veterans and they had discounted it, that might be a different story. Are you saying then that the only pertinence of the discounting military experience factor is the extent to which it may be relevant to show actual anti-military slash veteran animus? Or is it enough? Suppose I'm a civilian employer and I say I have nothing against military people. I think they're terrific. I'd love to get them onto my staff. But the problem is this person was a truck driver in the military, and I just think driving around military bases, even if he did it for three years, is not the same as driving around in city streets. And therefore, I'm not going to credit that experience at all. I'm going to hire somebody who's been driving around in the city for two months. Would that be a USERRA violation? And if not, why not? I don't think it would be a violation unless there was some evidence to meet the circumstantial requirements in Sheehan of hostility towards veterans. No, no. By hypothesis, I have no hostility to veterans. I simply think, perhaps wrongly, perhaps wrong-headedly, and perhaps insupportably, that the military experience is not, in this particular instance, as valuable as a civilian equivalent or what I think a civilian equivalent or preferable experience would be. Does that fact pattern give rise to a USERRA violation in your view? I don't think so, Your Honor, because there's no evidence the military service was a motivating factor in the decision. It appears you made a choice between two qualified candidates, and I don't think that is sufficient to establish a violation under 38 U.S.C. 4311. So how can one explain the fact that for the final cut of three, two of them had nothing remotely related to controller's jobs other than being there, a secretary and an accountant, and the third person who eventually had at least a pilot's license? Your Honor, I think it helps to take a look at the nature of this position. This was an entry-level position. The alternate qualifications under the GS 2152… Well, let's talk about the secretary. Yes, Your Honor. According to the record, the most that could be said was that she had conversations as a secretary with air traffic controllers in whatever their relative roles were. And yet she was one of the three selected for the final cut as compared with a candidate with significant, at least, however, directly pertinent experience, direct experience. That is, that Mr. Dice didn't make the first cut either as compared with people with not even remotely comparable experience. Well, Your Honor, I don't think the selection official at the memo in 398 in the record stated that he felt the people that were selected had a unique balance of skills. The secretary and the, I believe, accountant had years of experience in the FAA and progressively responsible positions that required attention to detail. Given this is an entry-level position and they can, of course, have to pass the exam, they are given all the training that they need on the position. And so the hiring official felt that these candidates were qualified at that, assuming they passed the test, to be qualified at that entry level based on the unique balance of skills. So you're telling us that because a position does provide training after the person is selected, then the qualifications that they bring to the selection process is totally irrelevant? I think for this type of position, it wasn't the dispositive factor. There was an entry-level position that permitted them to get training. The qualifications required superior... So you're saying the answer is yes to my question? I'm sorry, could you repeat your question, Your Honor? I asked what relevance is given. You're telling us that it's irrelevant what qualifications the person has for the position since there's training on the position, on the job. I'm not saying it's irrelevant, Your Honor. I'm saying that there are people with different backgrounds in an entry-level type of position, particularly one that didn't require specific experiences that could be considered at this level. It was certainly permissible within the OPM guidelines. So what was the specific experience of the person whose job was the secretary? The secretary, as we suggested in our briefing, she had years with the FAA. She had been in progressively responsible positions interacting with FAA management and had attention to detail. And a position where if she had passed the exam, she could have gone in and obtained the necessary training with the FAA is a different nature, I think, than a position that would have required... It wasn't as if she had been hired at an FG9 level, which may have required more specialized experience. You seem to have given opposite answers to the same question from me and from Judge Bryson, which is, what's the real position? In other words, does USERRA cover a situation in which the agency unreasonably rejects military experience as relevant because it was military experience? That doesn't raise any USERRA questions? The court's decision in Sheehan was very similar. You had applicants for a naval attorney position to say that they were veterans and that they were better qualified. And the court said, without more circumstantial evidence of proximity in time, hostility to veterans, disparate treatment... But did Sheehan involve a situation in which the employing agency improperly discounted the military experience? Was that the basis for the discrimination plan? In that case, they just said that the veterans argued that the employer did not properly consider their military experience. And I believe they believed their military experience made them better qualified for the job than the person that was hired. And I guess it troubles me to say they discounted the experience, because here, Mr. Dice, we've gone through the analysis in our brief of how the agency considered his experience, so it's not as if the judgment wasn't better. I understand that your argument is that they did give proper weight to the military experience, but on the hypothetical, where they didn't give proper weight to it, and said driving on a military truck is not the same as driving a civilian truck, so we're not going to consider it, and that was an unreasonable position on their part. Do you say that doesn't raise any USARA questions, or it does? If it would suggest, I think as Judge Bryson said, if it would suggest hostility to veterans, or it would suggest they didn't want to hire veterans. But from the hypothetical you all have given, it sounds like these people have comparable experience, and the hiring official made a choice, which I don't think is a USARA violation. Even if it was an unreasonable choice to reject the military experience in considering the applicants? Unless there was some evidence that the military experience is the motivating factor, I think it would have to suggest some hostility to veterans, or some awareness that they didn't want veterans to serve, but I just don't think that is the picture here. We had a hiring official who hired veterans in the other positions we looked at, in the Fort Dodge and the Wichita positions. They were slightly different, but there's absolutely no evidence of hostility to veterans in this record. There's no evidence that the agency improperly considered Mr. Dice's qualifications. Do you think that the board here took the same position about the relevance of USARA as you've articulated here? And if so, maybe that's a problem. I think the board said there was no evidence that Mr. Dice's military service was the motivating factor. Does the board's decision reflect the same view of USARA that you have articulated here today with respect to the relevance of military experience? The board's decision certainly went through Mr. Dice's experience and said that the fact that he had this experience wasn't sufficient. I don't understand your answer to my question. I guess I don't understand what your point is about the board's decision. I guess I don't know what specific passage is. I don't think the board thought that Mr. Dice's experience was discounted here. I don't think they thought there was a problem. I think the board carefully went through all the positions. The board looked at the record and didn't find any evidence that Mr. Dice's military service was the motivating factor here, that he had met his initial burden of proof under USARA. And I think that was the correct decision. And I also think it was correct in light of this court's decision in Sheehan v. The United States. Just to turn to the fact that they didn't properly consider his pink card, I think the point that Ms. Argo made when she discussed his testimony was that the fact that Mr. Dice's experience showed that he had training but had not actually performed the work which would have been sufficient to have qualified him under specialized experience. Under the requirement, specialized experience included providing information to pilots on weather, air routes, navigational aids, and airport conditions. And Mr. Dice's experience during his eight months in the Navy primarily consisted of maintaining data on landings and departures and gathering weather briefings and disseminating them. And as an FAA flight data specialist, it consisted primarily of troubleshooting the computer to assist flight services. Here, his experience is properly considered and evaluated. And if the court has no other questions, you respectfully request that the court... Actually, I do have one question, and you may not be the right person to ask. But this case involves events that occurred quite a long time ago. Now, I understand the statute of limitations is not an issue. But what... Where has this case been since 1999? I believe, Your Honor, that the end of the MSPB appeal, I believe, was filed on January 25, 2011. I don't know. I don't really know the reason why. All right. If there's no special explanation that you're aware of, maybe I can ask your opposing counsel. For these reasons, we respectfully request the court affirm the decision of the merit system. Thank you, Mr. Day. Mr. Day, do you know the answer to Judge Breisling's question? I certainly can try to answer it, Your Honor. Basically, Mr. Dice was acting without counsel after he did not succeed in his application. He did try to pursue a couple of avenues, including the Department of Labor. But it wasn't until some time later that he realized he might have an avenue for redress and found a lawyer. All right. Judge Breisling, if I may address your truck driver analogy, I'd just like to direct the court to page 135 of the appendix, which is the actual picture of the pink card. And if you look at the top of the pink card, it's a little hard to read in this picture, but it says Department of Transportation Federal Aviation Administration. It is the Federal Aviation Administration that issues the card. So unlike the truck driver with military experience and the civilian truck driver, here we're dealing with certifications that are the same as the FAA's. And yet, because Mr. Dice gained them through the military, he was not considered. But the board didn't really say that, right? I mean, Judge Breis and I asked a hypothetical, but part of the government's response is, well, that's not this case, because the board didn't ignore his military experience. They just discounted it for particular reasons that haven't shown to be arbitrary impressions. In fact, though, Your Honor, if you look at the evidence in the record, there is absolutely not a scintilla of evidence that the selecting official actually considered Mr. Dice's experience. There is one paragraph, upon which counsel elaborated a bit, that says that he was looking for people in a balanced manner with foresight and planning. That is all the evidence of record in terms of what was considered. This is the hiring official who is not deceased. Hiring official, not deceased. With respect to hostility, in our long history of discrimination law, we don't say that you must be hostile to African-Americans to discriminate against them. If you treat them unequally, because they are African-American, it doesn't matter whether you hate them or not, it just matters that you treat them unequally. And in this case, it's unequal treatment. I see my time is up. Thank you, Mr. Day. Thank you, Your Honor.